# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-393-MOC-DCK

| | |
|---|---|
| PREMIER HEALTHCARE ALLIANCE, L.P., | )<br>) |
| Plaintiff, | ) **PROTECTIVE ORDER**<br>) |
| v. | )<br>) |
| BUSH BROTHERS & COMPANY, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order" (Document No. 13) filed July 11, 2024. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion and enter the parties' proposed Protective Order as follows.

    1.    This Protective Order governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents, things, or testimony produced, given, or filed in this action that are designated by a party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information (collectively, "Confidential Information"). Counsel for any party may designate any such materials as Confidential Information if counsel determines, in good faith, that such

designation is necessary to protect the interests of the client. This Protective Order includes two-tiers of protection for Confidential Information, as provided below.

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action (the "litigation"). All Confidential Information produced in the course of this discovery proceeding herein shall be used only for the purpose of preparing for and conducting the litigation (including appeals) and not for any business, patent prosecution, competitive, research, development, or other purpose whatsoever. All Confidential Information designated by a party hereunder that is to be filed with the Court by the opposing party shall be filed under seal.

3. Confidential Information shall not be given, shown or made available or communicated in any way to anyone except persons enumerated below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information, whether designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only", be given or shown for the purposes permitted under this Protective Order. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a. Inform the person of the confidential nature of the Confidential Information; and

    b. Inform the person that this Court has enjoined the use of the Confidential Information by him/her for any purpose other than the litigation and has enjoined the disclosure of that Confidential Information to any other person.

4. Confidential Information designated as "Confidential" shall not be disclosed to any person, except:

a. Outside counsel for the requesting party;

b. Employees of outside counsel for the requesting party assigned to and necessary to assist in the litigation;

c. In-house counsel for the requesting party;

d. Employees of the requesting party who are deemed in good faith by outside counsel for the requesting party appropriate to assist in the litigation, including any settlement discussions;

e. Consultants or experts (and their employees or assistants) who are retained by outside counsel for the requesting party in the litigation;

f. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information designated as "Confidential" during and in preparation for his/her testimony and may not retain the Confidential Information designated as "Confidential;"

g. Others specifically identified and authorized in writing by the party who initially disclosed the Confidential Information designated as "Confidential" in discovery;

h. Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, e-discovery services, or the creation of any computer database from Confidential Information designated as "Confidential;"

i. Mediators engaged by the parties; and

3

j. The Court or the jury at trial or to the Court as exhibits to motions that are filed under seal.

Persons permitted to review such information designated as "Confidential" pursuant to Paragraphs 4(d) - 4(i) shall be asked to sign an agreement to be bound by this Protective Order in the form attached as **Exhibit A** and shall provide such signed **Exhibit A** to counsel for the requesting party.

5. Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person, except:

   a. Outside counsel for the requesting party;

   b. Employees of outside counsel for the requesting party assigned to and necessary to assist in the litigation;

   c. Consultants or experts (and their employees or assistants) who are retained by outside counsel for the requesting party in the litigation;

   d. Others specifically identified and authorized in writing by the party who initially disclosed the Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only" in discovery;

   e. Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, e-discovery services, or the creation of any computer database from Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only;"

   f. Mediators engaged by the parties; and

g. The Court or the jury at trial or to the Court as exhibits to motions that are filed under seal.

Persons permitted to review such information designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to Paragraphs 5(c) - 5(f) shall be asked to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A and shall provide such signed Exhibit A to counsel for the requesting party.

6. Confidential Information that may be designated as "Highly Confidential – Attorneys' Eyes Only" includes all information deemed by the producing party to describe information that is presently commercially sensitive, the disclosure of which will result in competitive harm to the party (e.g., customer and/or supplier lists, sales and profit information, sales projections, strategies, industry analysis, and/or the trade secret(s) of that party).

7. Confidential Information designated as "Confidential" or as "Highly Confidential Attorney Eyes Only" does not include, and this Protective Order does not apply to, Confidential Information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such Confidential Information. Nor does it include Confidential Information that has been disclosed to the public or third persons in a manner making such Confidential Information no longer confidential.

8. This Protective Order does not restrict in any manner the use or disclosure by a designating party of any information in its own documents or things.

9. In the event a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party

specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

10. Any inadvertent disclosure of unmarked Confidential Information shall not preclude the disclosing party from later claiming a right to confidentiality with respect to, or trade secret rights in, the inadvertently disclosed and subsequently designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

11. The inadvertent failure by the disclosing party to identify specific information as Confidential Information shall not act as an admission that the information is not confidential and/or a trade secret, nor serve as a waiver to (i) assert protection of that information as confidential and/or a trade secret or (ii) reclassify that information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

12. If any party seeks to publicly disclose or use Confidential Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" produced by another party during a trial, court appearance or hearing which is open to the public (a "Court Disclosure"), the party seeking to make the public disclosure or use shall provide reasonable notice, to the extent possible, and work in good faith with the other party to take and/or request from the Court reasonable precautions to protect such information during any such Court Disclosure.

13. Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the litigation and, in the course thereof, referring to or relying upon his or her examination of Confidential Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." In rendering such advice and in otherwise communicating with his or her client, outside counsel shall not disclose Confidential Information designated as "Highly Confidential Attorney Eyes Only" if such disclosure would be contrary to the provisions of this Protective Order.

14. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's Confidential Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. To the extent that a producing party possesses information or documents that are responsive to a discovery request in this matter that include information subject to a confidentiality obligation between the producing party and a third-party that requires notice to and/or consent from the third-party before production in this matter, the producing party shall provide notice to the third-party that such information is to be produced under the terms of this Protective Order. If consent is required under the confidentiality obligation between the producing party and a third party, and if the third party does not consent to the production of the applicable information or documents, the producing party will inform the other party and engage in good faith discussions about production of the information or documents and the confidentiality obligations relating to same.

16. At the conclusion of the litigation, all Confidential Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," including any copies thereof and documents embodying any such Confidential Information, shall be promptly (and in no event later than thirty (30) days after entry of a final judgment or court order of dismissal no longer subject to further appeal) returned to the producing party or shall be certified in writing as destroyed.

17. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential information; or to object to the

production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Protective Order.

18. <u>Inadvertent Disclosure of Privileged Materials</u>. The parties agree that inadvertent production of privileged documents is not a waiver of any applicable privilege. As set forth in Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated order submitted to the Court.

19. Non-parties may provide or otherwise disclose Confidential Information (and designate Confidential Information as "Confidential" and "Highly Confidential – Attorneys' Eyes Only") pursuant to the terms of this Protective Order.

20. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court.

21. It is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents and that such documents

can and will be sealed by the Court only upon motion and in accordance with Local Rule 6.1 and applicable law. This Protective Order does not provide for the automatic sealing of such documents.

22. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

**SO ORDERED**.

Signed: July 12, 2024

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

I hereby affirm under penalty of contempt of Court that:

Confidential Information, including documents and things, designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the Confidential Information as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" or by order of the presiding judge. I also agree to notify any of my employees or assistants (including stenographic, clerical or technical personnel) who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all Confidential Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any

writings prepared by me containing any Confidential Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" are to be returned to counsel who provided me with such documents and materials or will be destroyed by me. Upon such destruction, I will certify to counsel who provided me with such documents and materials this destruction has been done.

Signature: _____

Name: _____

Date: _____